IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MILLENNIUM PHARMACEUTICALS, INC. | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 13-1874 (GMS) ) CONSOLIDATED |
| APOTEX CORP. and APOTEX INC., | ) ) |
| Defendants. | ) |

## JUDGMENT

Based on the Parties' Stipulation Requesting Entry of Judgment (D.I. 56), the Court hereby makes the following factual findings:

1. Plaintiff Millennium Pharmaceuticals, Inc. ("Millennium") is the holder of New Drug Application No. 21-602 by which the FDA granted approval for VELCADE® for Injection, a proteasome inhibitor, for intravenous or subcutaneous administration for the treatment of patients with multiple myeloma and patients with mantle cell lymphoma;

2. Defendant Teva Pharmaceuticals USA Inc. ("Teva") filed Abbreviated New Drug Application No. 205857 ("the Teva ANDA") for approval to manufacture and sell a generic version of VELCADE® for Injection prior to the expiration of U.S. Patent Nos. 6,713,446 ("the '446 patent") and 6,958,319 ("the '319 patent");

3. Defendant Apotex Inc. filed Abbreviated New Drug Application No. 205533 (with the Teva ANDA, "the Defendants' ANDAs") for approval to manufacture and sell a generic version of VELCADE® for Injection prior to the expiration of the '446 patent and the '319 patent;

4. Plaintiff Millennium previously asserted in this patent infringement suit that the filing of the Defendants' ANDAs infringes claims 19-20, 31-32, 46, 49, 53, 57, and 61 of the '446 patent and claims 25-26, 40, 54, 57, 62, 66, and 70 of the '319 patent;

5. Pursuant to the Parties' previous stipulations (D.I. 37 & 42) and this Court's Orders relating thereto (D.I. 39 & 44), all asserted claims except for claims 20, 31, 49, and 53 of the '446 patent have been dismissed with prejudice;

6. The only claims that remain asserted by Millennium against Defendants in this action are claims 20, 31, 49, and 53 of the '446 patent; and

7. In *Millennium Pharmaceuticals, Inc. v. Sandoz Inc., et al.*, No. 12-1011 (GMS), on the basis of the record in that action, this Court ordered and adjudged that claims 20, 31, 49, and 53 of the '446 patent are invalid due to obviousness.

IT IS HEREBY **ORDERED** and **ADJUDGED** that:

1. Millennium is collaterally estopped from asserting the validity of claims 20, 31, 49, and 53 of U.S. Patent No. 6,713,446 in this action based on the Court's Judgment in *Millennium Pharmaceuticals, Inc. v. Sandoz, Inc.*, No. 12-1011 (GMS) (D.I. 150);

2. Judgment is hereby entered against Millennium and in favor of Defendants on all claims, counterclaims and defenses; and

3. The deadline for filing any motion, petition, bill or other submission for fees or costs, including any fee petitions for exceptional case or bill of taxable or reimbursable costs, shall be extended to 60 days after the later of (a) the deadline for appeal in this action, or (b) issuance of the mandate from the United States Court of Appeals for the Federal Circuit in any appeal of this action.

Dated: October 1, 2015

UNITED STATES DISTRICT JUDGE

2